UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LAVAR T. MITCHELL (#224907)                    CIVIL ACTION NO.

VERSUS                                          21-376-BAJ-SDJ

LAFAYETTE PARISH CORRECTIONAL
FACILITY, ET AL.

## ORDER

Lavar T. Mitchell ("Plaintiff"), an inmate confined at the Lafayette Parish Correctional Facility ("LPCF") in Lafayette, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Lafayette Parish Correctional Facility, Unknown Dupree, and Torrance Atkinson, alleging Defendants violated Plaintiff's constitutional rights.[1]

Under the provisions of 28 U.S.C. §§ 1391(b)(1) and (2), and 28 U.S.C. §§ 1404(a) and 1406(a), a district court may, in the interest of justice and for the convenience of the parties, transfer a claim to a court of proper venue. LPCF is located within the Western District of Louisiana. Plaintiff's claims arise from events[2] occurring solely at LPCF in the Western District of Louisiana. Thus, it is proper, for the convenience of the parties and in the interest of justice, to transfer this action to the Western District of Louisiana. Accordingly,

**IT IS ORDERED**, *sua sponte*, that this action be **TRANSFERRED** to the Western District of Louisiana.[3]

Signed in Baton Rouge, Louisiana, on July 1, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] R. Doc. 1.
[2] The Western District of Louisiana is a court of proper venue because, according to the Complaint, Plaintiff is incarcerated at LPCF, which is located in the Western District of Louisiana, and the events giving rise to this action, specifically the choking on a "wish bone", occurred at LPCF, and the individual named Defendants appear to be officers at LPCF (*see* R. Doc. 1, p. 4). 28 U.S.C. § 1391(b)(1) and (2).
[3] A court may transfer venue *sua sponte*. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).